# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Appeal No. 13-4493

_____

CHRISTOPHER TEMPLIN, VIOLA HENDRICKS, FELDMAN'S MEDICAL CENTER PHARMACY, INC., and FCS PHARMACY LLC,

Plaintiffs-Appellants,

-v.-

INDEPENDENCE BLUE CROSS, QCC INSURANCE COMPANY and CAREFIRST, INC.,

Defendants-Appellees,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## APPELLANTS' PETITION FOR ATTORNEYS' FEES AND COSTS

Anthony Paduano
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020

Timothy S. Cole
MANTACOLE, LLC
325 Sentry Parkway, Bldg. 5 West
Suite 200
Blue Bell, Pennsylvania 19422

Attorneys for Plaintiffs-Appellants

# **TABLE OF CONTENTS**

Table Of Authorities .................................................................................................. ii

Preliminary Statement ................................................................................................1

Argument ....................................................................................................................2

    I.      Point I: Appellants are Entitled to Attorneys' Fees ................................2

           A.      Appellants Achieved "Some Success on the Merits" ..................2

           B.      Appellees' Analysis of the *Ursic* Factors Ignores the Decision in *Templin II* ..............................................................................4

    II.     Point II: Appellant's Attorneys' Fees and Costs are Reasonable ............6

Conclusion ................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

Danny Kresky Enters. v. Magid, 716 F.2d 215 (3d Cir. 1983) ...........................8, 10

Debose v. Apfel, CIV. A. 98-2096, 2000 WL 298927 (E.D. Pa. Mar. 15, 2000) .6, 7

Feldman's Med. Center Pharm. Inc. v. CareFirst, Inc., 898 F. Supp. 883 (D. Md. 212) aff'd, 541 Fed. Appx. 322 (4th Cir. 2013) (*per curiam*).................................4n

Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242 (2010) ............. 1, 2, 3

Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694 (3d Cir. 2005) ............8

Kapral v. United States, 166 F.3d 565 (3d Cir. 1999) ...............................................3

Roccisano v. Twp. of Franklin, 2015 U.S. Dist. LEXIS 75622 (D.N.J. June 11, 2015) ........................................................................................................................7

Rode v. Dellarciprete, 892 F.2d 1177 (3d Cir. 1990) ................................................8

Scarangella v. Group Health, Inc., 731 F.3d 146 (2d Cir. 2013)............................4n

Simring, United States of America, ex rel. v. Rutgers, The State University of New Jersey, 2015 U.S. App. LEXIS 11669 (3d Cir. July 7, 2015) .............................7, 10

Templin v. Independence Blue Cross, 2015 U.S. App. LEXIS 7624 (3d Cir. May 8, 2015) ................................................................................................................ passim

U.S. v. NCH Corp., No. 98–5268, 2010 WL 3703756 (D.N.J. Sept.10, 2010) ........7

United States of American ex rel. Doe v. Pa. Blue Shield, 54 F. Supp. 2d 410 (M.D. Pa. 1999)..........................................................................................................8

Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir. 1983) ................................ passim

Valenti v. Allstate Ins. Co., 243 F. Supp. 2d 200 (M.D. Pa. 2003)...........................9

Wade v. Colander, No. 06-3715 (FLW), 2010 U.S. Dist. LEXIS 138518, 2010 WL 5479625, at *6 (D.N.J. Dec. 28, 2010) ................................................................6, 7

**Statutes**

29 U.S.C. §1132(g) (1)........................................................................................3

**Preliminary Statement**

In this case, this Court rendered a decision that represents new law in the Third Circuit. In doing so, the Court rejected each argument posited by Appellees and adopted every legal argument urged by Appellants. Templin v. Independence Blue Cross, 2015 U.S. App. LEXIS 7624 (3d Cir. May 8, 2015) ("Templin II"). Lead counsel for Appellee CareFirst, Inc. has published an article commenting on how the decision will require health insurance companies to entirely re-evaluate their approach to litigation and settlement in all ERISA cases.[1] Yet, rather incredibly, Appellees now argue that the 18 months of proceedings in this Court and this Court's Order and Mandate were something other than the "some success on the merits" required by Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242 (2010).

Appellees have the temerity to say that the Hardt standard has not been satisfied despite the fact that this Court conclusively determined that Appellants had "success on the merits." Templin II, in so doing, rejected each position taken by Appellees, agreed with each of Appellants' arguments concerning the District Court's erroneous analysis of the factors set forth in Ursic v. Bethlehem Mines, 719 F.2d 670

---

[1] See Mark J. Oberstaedt, New 3rd Circuit opinion may change the way ERISA plans approach settlement, INSIDE COUNSEL (June 12, 2015) available at http://www.insidecounsel.com/2015/06/12 ("The Templin decision will likely have a practical effect on settlement, at least in the 3rd Circuit. For example, ERISA plans may seek to settle denial of benefits claims earlier in the litigation process").

(3d Cir. 1983), and counsel for CareFirst signed the Opposition despite his quick and vigorous acknowledgments of the practical and beneficial effects that <u>Templin II</u> will have in the ERISA context.

Appellees' suggestion that the decision in <u>Templin II</u> is not "some success on the merits" is nothing more than an attempt to chip away at <u>Templin II</u> before the ink on the decision is even dry and does violence to the well-established concept that a reversal and remand on appeal of any decision is somehow not "success on the merits."

Appellees' analysis of the <u>Ursic</u> factors is similarly flawed because it misstates the law and the facts and ignores the clear guidance provided by the Court concerning these very factors in <u>Templin II</u>. Finally, Appellees' objections to the quantum of attorneys' fees sought by Appellants are incorrect on the law and lack any specificity.

## **ARGUMENT**

### **POINT I**
### **APPELLANTS ARE ENTITLED TO ATTORNEYS' FEES**

A. <u>Appellants Achieved "Some Success on the Merits"</u>

Appellees do not dispute that the Third Circuit agreed with Appellants' analysis of <u>Hardt</u> or with their position that the District Court had improperly analyzed (or failed to analyze) the <u>Ursic</u> factors. Nevertheless, Appellees assert that because the

2

Third Circuit specifically "declined" to award fees in the underlying dispute, and instead remanded the action to the District Court for a determination of the underlying fee petition, the instant fee petition is somehow "premature."

Appellees' position is incredible. First, Appellants obtained reversal on both the District Court's <u>Hardt</u> and <u>Ursic</u> analyses. Second, Appellees' argument, if accepted, would create new hurdles for successful appellate litigants seeking attorneys' fees in any arena. Simply put, a reversal and remand would not be sufficient to justify an award of fees until there was a determination in Appellants' favor on remand on subsequent proceedings in the lower courts. Appellees suggest here that litigation of other issues must be had because in their mind, an Order and Mandate of this Court is not final. This suggestion is contrary to well-established law. See <u>Kapral v. United States</u>, 166 F.3d 565, 570 (3d Cir. 1999). Appellees' argument is contrary to the policy underlying ERISA and specifically its fee-shifting provision (endorsed in the <u>Hardt</u> and <u>Templin II</u> decisions). Their approach would foreclose the recovery of attorneys' fees in the appellate courts until more litigation is concluded elsewhere. The proceedings in this Court are over and Appellants have much more than achieved "some success on the merits." Appellants are therefore entitled to recovery pursuant to 29 U.S.C. §1132(g) (1).

B.    Appellees' Analysis of the *Ursic* Factors
       Ignores the Decision in *Templin II*

Appellees suggest that Appellants cannot establish "culpability" because the law was not settled and therefore, the District Court's decision was not "indefensible." (Opp. at p. 4). This is not the standard and never has been.[1] As the Court in Templin II held, where the relative merits of the parties' positions favors the party seeking an award of fees, a Court may conclude that the non-moving party was culpable under the first Ursic factor. Templin II, supra at 14. Here, despite Appellees' argument to the contrary, the relative merits favor Appellants. The Court rejected each and every one of Appellees' arguments, reversed the District Court decision, and remanded to the District Court for further consideration based upon the correct analysis of the Ursic factors that was urged on appeal by Appellants.

Appellees next assert that there is no "deterrent effect" here because they did not engage in wrongful behavior in defending the appeal. In fact, Appellees, argue, an award of fees would only "deter" parties, such as them, from defending meritorious positions. (Opp. at p. 5). Appellees conveniently ignore that the ERISA statute

---

[1] Appellees cite to the Second Circuit decision in Scarangella v. Group Health, Inc., 731 F.3d 146 (2d Cir. 2013) and a District of Maryland decision in Feldman's Med. Center Pharm. Inc. v. CareFirst, Inc., 898 F. Supp. 883 (D. Md. 212) aff'd, 541 Fed. Appx. 322 (4th Cir. 2013) (*per curiam*) in support of their assertion that their position was not "indefensible." As the Third Circuit noted, however, Scarangella does not support Appellees' position. Templin II, p. 9 n.1. The Maryland case, was

provides for fee-shifting in just this type of scenario in order to ensure that ERISA plaintiffs do not bear the economic burden of enforcing their rights against insurance companies or plans with significant resources. Moreover, the fact that there may be arguable merit to a position is not the proper inquiry for any of the <u>Ursic</u> factors. If it were, the "relative merits" analysis required by <u>Ursic</u>, and further defined in <u>Templin II</u>, would cease to have any meaning.

With respect to the benefit conferred on the plan as a whole, by pressing this appeal, plan participants and the insurers have a better understanding of the obligations under the plan, thus allowing for prompt resolution or settlement. Indeed, counsel for CareFirst has conceded the benefit to all ERISA plan members as a result of the decision in <u>Templin II</u>. Appellees attempt to insert a red-herring by arguing that the payment of interest to Appellants conferred no benefit to the plan. The payment of interest has nothing to do with whether Appellants are entitled to their attorneys' fees in connection with the prosecution of this specific and limited appeal. That argument is more properly raised in connection with the underlying fee application that has now been remanded to the District Court.[2]

---

affirmed by the Fourth Circuit without any meaningful discussion or analysis.
[2]   Appellants contend, however, that their prosecution of the interest issue also conferred a benefit on the plan as a whole.

# POINT II

## **APPELLANTS' ATTORNEYS' FEES AND COSTS ARE REASONABLE**

With respect to the quantum of Appellants' request for attorneys' fees and costs, Appellees do not object to the hourly rate sought by Appellants' counsel. Instead, Appellees take issue with a few discrete items: (1) Appellants' billing in quarter-hour increments and in "block" billing; (2) travel costs, the cost of retaining local counsel and fees expended for "administrative" tasks; and (3) the amount of time expended on preparing the Appendix for the appeal. None of Appellees' objections has merit.

Appellees argue that any fee award should be reduced by an unspecified amount because "counsels' time in this case was billed in quarter-hour – rather than tenth of an hour – increments." Opp. at 7. There is no such billing requirement. Rather, courts will consider an attorney's billing practices, including the use of 15-minute billing increments when there is evidence that such practices artificially inflated the time expended by the attorney. Debose v. Apfel, CIV. A. 98-2096, 2000 WL 298927, *2 (E.D. Pa. Mar. 15, 2000) (overruling objection to counsel's use of 15-minute increments where respondent "[did] not point to any specific instances . . . which show an artificial inflation of attorney hours expended"); Wade v. Colaner, CIV.A. 06-3715-FLW, 2010 WL 5479625, *17 (D.N.J. Dec. 28, 2010) (noting that

"such billing methods are readily used among attorneys and firms, and generally accepted by courts when calculating fees,"). See Wade, 2010 WL 5479625 at *17 (identifying U.S. v. NCH Corp., No. 98–5268, 2010 WL 3703756 (D.N.J. Sept.10, 2010), cited by Appellees, as a case in which courts "rejected the use of such billing increments where the fees have been unreasonably inflated as a result"). As in Debose, Appellees "do[] not point to any specific instances. . . which show an artificial inflation of attorney hours expended." Accordingly, this objection should also be overruled.

Appellees' assertion that the fees sought should be "discounted" based upon "block-billing" is similarly without merit. In short, there is no "block-billing" here; the bills are all discrete entries by lawyers and para-professionals. In any event, in Simring, United States of America, ex rel. v. Rutgers, The State University of New Jersey, 2015 U.S. App. LEXIS 11669, *14 (3d Cir. July 7, 2015), the Court noted that it has not, to date, endorsed a wholesale discount where there has been block-billing. And, in Roccisano v. Twp. of Franklin, 2015 U.S. Dist. LEXIS 75622, *19 (D.N.J. June 11, 2015), the Court made clear that block-billing, in and of itself, does not support the application of a general reduction in fees:

> "'Block billing is a common practice which itself saves time in that the attorney summarizes activities rather than detailing every task' and such billing will be upheld as reasonable if the listed activities reasonably correspond to the number of hours billed." Wade v. Colander, No. 06-3715 (FLW), 2010 U.S. Dist. LEXIS 138518, 2010 WL

7

> 5479625, at *6 (D.N.J. Dec. 28, 2010) (quoting United States of American ex rel. Doe v. Pa. Blue Shield, 54 F. Supp. 2d 410, 415 (M.D. Pa. 1999)). However, the application must be "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." Rode, 892 F.2d at 1190. "While a substantial number of vague entries may be a reason to exclude hours from the lodestar calculation, that a block may have an entry such as 'review file' is not a reason to exclude the entire entry." Pa. Blue Shield, 54 F. Supp. 2d at 415.

Id. at *19.

Finally, Appellees fail to point to a single entry that they claim violates this non-existent prohibition.

Appellees next argue that Appellants may not be compensated for travel time, travel costs, or the costs of local counsel because Appellants have not shown that lawyers in this district were "unwilling to represent" Appellants." Opp. at 8. This misstates the rule. While "ordinarily" expenses associated with a plaintiff's decision to hire out-of-forum counsel are not awarded as attorneys' fees, this general rule does not apply where using out-of-forum counsel was the more efficient option. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 699 (3d Cir. 2005) (exception to general rule "[i]f a prevailing party can show that it required the particular expertise of counsel from another vicinage, or that local counsel were unwilling to take on the litigation") (emphasis added); Danny Kresky Enters. v. Magid, 716 F.2d 215, 218 (3d

8

Cir. 1983) (reversing denial of travel costs where out-of-town counsel was chosen for its experience in related litigation against Appellees).

As is set forth in the Affidavit of Anthony Paduano sworn to on June 23, 2015 ("Paduano Aff. I"), Paduano & Weintraub has served as lead counsel to Appellants and their affiliates and employees in litigations like the present one since 2004, and has represented Appellants against BlueCross BlueShield licensees throughout the country. In 2008, Paduano & Weintraub began representing Plaintiff Feldman's Medical Center Pharmacy, Inc. in litigation against Appellee CareFirst to recover unpaid claims arising out of Feldman's provision of the same products and services at issue in the instant litigation. See Paduano Aff. I ¶ 21. As a result, Paduano & Weintraub was already thoroughly familiar with Appellants' management, personnel and business models, as well as with the factual and legal issues involved in this litigation, when it was asked to represent Appellants – familiarity that would have taken new counsel significant time and expense to replicate. Cf. Valenti v. Allstate Ins. Co., 243 F. Supp. 2d 200, 216-17 (M.D. Pa. 2003) (selection of out-of-forum counsel, where counsel had relevant expertise and clients "were familiar with him, had used him in the past, and were confident of his abilities"). The selection of experienced counsel from outside the forum "was reasonable and appropriate under all the circumstances," Id. at 216, and very likely "reduced the total costs. . . expended in this litigation" as

compared to using new, in-forum counsel. Danny Kresky Enters., supra, 716 F.2d at 218. Under these circumstances, it is appropriate to award Appellants their travel costs and the fees of local counsel.

Similarly without merit is Appellees' claim that fees incurred for administrative and clerical tasks are not recoverable. In Simring, United States of America, ex rel. v. Rutgers, The State University of New Jersey, supra at *10, the Court made clear that administrative and clerical tasks are compensable, as long as that task is accomplished by an individual at the appropriate level. Here, Appellees take issue with three tasks, two of which were performed by paralegals at the appropriate billing rate. The third task relates to an entry by lead counsel, Anthony Paduano, on October 15, 2014 in connection with the scheduling of the oral argument of the appeal which occurred on October 21, 2014. There is nothing extraordinary or improper about lead counsel engaging in communications concerning the time and place of oral argument on an appeal for which he is primarily responsible.[3]

---

[3] Appellee's final objection relates to what they believe to be excessive time spent on the Joint Appendix. Appellees do not object to any specific entry, nor do they suggest what the appropriate amount of time is to prepare the appendix. In addition, of the 62 hours spent on the appendix, 48 of those hours were billed by paralegals. In any event, where, as here, the case had been ongoing for more than four years with almost 180 docket entries, many of which contained confidential and personal health information that required to be reviewed and protected against disclosure, and where a separate "sealed" Appendix was required to be filed (Appellees joined in Appellants' motion to seal a separate appendix volume) the hours spent are not excessive.

**Conclusion**

For the reasons set forth herein, Appellants request that the Court award them $164,413.06 in attorneys' fees and expenses incurred in the appellate proceedings of this matter.

Dated:  July 13, 2015

                        Respectfully submitted,

                        By:   /s/ Anthony Paduano
                               Anthony Paduano

                        PADUANO & WEINTRAUB LLP
                        1251 Avenue of the Americas
                        Ninth Floor
                        New York, New York 10020
                        Telephone: (212) 785-9100
                        Facsimile: (212) 785-9099

                        Timothy S. Cole
                        MANTACOLE, LLC
                        325 Sentry Parkway, Bldg. 5 West
                        Suite 200
                        Blue Bell, Pennsylvania 19422
                        Telephone: (215) 325-1741
                        Facsimile: (267) 765-7501

                        Attorneys for Plaintiffs-Appellants

# **CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2015, I served Appellants' Reply Memorandum of Law with the accompanying affidavits of Anthony Paduano and Timothy Cole upon counsel for Appellees Independence Blue Cross, QCC Insurance Company and CareFirst, Inc. through the Third Circuit Court of Appeal's ECF system, via email and first class mail on the following:

Katherine M. Katchen, Esq.
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, Pennsylvania 19103-7013
kkatchen@akingump.com

*Attorneys for Defendants-Appellees*
*Independence Blue Cross and QCC Insurance*

Mark J. Oberstaedt, Esq.
Archer & Greiner
One Centennial Square
Haddonfield, New Jersey 08033
moberstaedt@archerlaw.com

*Attorneys for Defendant-Appellee CareFirst, Inc.*

                                    /s/ Anthony Paduano
                                        Anthony Paduano